UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9128 PA (PLAx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Rosemarie Martinez v. Los Angeles World Airports | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Los Angeles World Airports (erroneously sued as both Los Angeles World Airports and City of Los Angeles) ("Defendant") on November 25, 2014. Defendant contends that the Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the Complaint filed by plaintiff Rosemarie Martinez ("Plaintiff"). Specifically, Defendant's Notice of Removal asserts that this Court's jurisdiction is based on § 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185.

### I.   Background

Plaintiff filed her Complaint in Los Angeles Superior Court on February 11, 2014. Plaintiff's Complaint alleges claims for: (1) discrimination/medical condition and disability; (2) failure to engage in the interactive process; (3) retaliation; (4) breach of contract; (5) breach of contract; (6) breach of the implied covenant of good faith and fair dealing; (7) intentional interference with contractual relations; and (8) intentional infliction of emotional distress. Defendants filed a first Notice of Removal on March 20, 2014. In that Notice of Removal, Case No. CV 14-2114 PA (MRWx), Defendant asserted that Plaintiff's third claim stated a federal claim pursuant to the federal Family and Medical Leave Act ("FMLA"),[1/] and that the fourth and fifth claims for breach of contract, sixth claim for breach of the implied covenant of good faith and fair dealing, seventh claim for intentional interference with contractual relations, and eighth claim for intentional infliction of emotional distress all required interpretation of the collective bargaining agreement ("CBA") between Defendant and Plaintiff's union, the American Federation of State, County and Municipal Employees ("AFSCME"). On March 26, 2014, the parties stipulated to the dismissal with prejudice of Plaintiff's fourth, fifth, sixth, seventh, and eighth claims, and to have the remaining claims remanded back to Los Angeles Superior Court. The Court accepted the parties' stipulation, dismissed the fourth through eighth claims, and remanded the action on March 26, 2014.

---

[1]   Plaintiff's third claim, though referencing the FMLA, actually seeks relief under the California Family Rights Act ("CFRA").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9128 PA (PLAx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Rosemarie Martinez v. Los Angeles World Airports | | |

    In its current Notice of Removal, Defendant contends that resolution of Plaintiff's first claim for disability discrimination and third claim for violations of the CFRA require interpretation of the CBA. According to Defendant, the Notice of Removal is timely because Plaintiff served Defendant a copy of the CBA on November 19, 2014, as part of Plaintiff's Opposition to Defendant's Motion for Summary Judgment. The Notice of Removal alleges that as part of its Motion for Summary Judgment, Defendant argued that Plaintiff's CFRA claim failed because Plaintiff had not worked 1,250 hours in the 12 months prior to her alleged request for leave as required by the CFRA. Defendant further alleges that in her Opposition to the summary judgment motion, Plaintiff requested that the Los Angeles Superior Court take judicial notice of the CBA, which allows a person employed in Plaintiff's job category to request leave if they have worked 1,040 hours in the preceding 12 months and that compensated time off is included in the calculation of hours worked.

    Defendant similarly asserts that Plaintiff's first claim for disability discrimination requires interpretation of the CBA to determine if Plaintiff adhered to the notice requirements to exercise a leave of absence and if Defendant had a legitimate non-discriminatory reason for terminating Plaintiff. The Notice of Removal does not allege when Defendant was first served with a pleading or other paper from which it could be first ascertained that resolution of Plaintiff's disability discrimination claim would required interpretation of the CBA. Nor does Defendant allege that anything in Plaintiff's Opposition to the summary judgment provided Defendant with its first notice that resolution of the claim for disability discrimination would require interpretation of the CBA.

**II.**    <u>Legal Standard</u>

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. <u>See, e.g.</u>, <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." <u>Prize Frize, Inc. v. Matrix (U.S.) Inc.</u>, 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).

    Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." <u>Id.</u> If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. <u>Duncan v. Stuetzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996). The only exception to this rule is where plaintiff's

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9128 PA (PLAx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Rosemarie Martinez v. Los Angeles World Airports | | |

federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

To remove an action from state to federal court, a defendant must also comply with the procedural requirements for removal. These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); see also Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A] proper removal notice must be filed within 30 days of service of the plaintiff's complaint."). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." See, e.g., Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

### III. Analysis

Defendant has not asserted a satisfactory basis for this Court's jurisdiction. Defendant claims the Court has federal question jurisdiction over this case because the action arises under federal law, namely § 301 of the LMRA. Section 301 of LMRA states: "Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). The Supreme Court has interpreted § 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211, 105 S. Ct. 1904, 1911, 85 L. Ed. 2d 206 (1985). This preemption of state claims extends "beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by references to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Id. However, the scope of § 301 preemption is not absolute:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9128 PA (PLAx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Rosemarie Martinez v. Los Angeles World Airports | | |

> [N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law. . . . Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

Id. at 211-12, 105 S. Ct. 1911-12, 85 L. Ed. 2d 206. "[T]o help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000). In particular, "when the meaning of contract terms is not subject to dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124, 114 S. Ct. 2068, 2078, 129 L. Ed. 2d 93 (1994).

"[E]ven if dispute resolution pursuant to a [collective bargaining agreement], on one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 preemption purposes." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409-10, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988). Accordingly, preemption under § 301 requires a two-step analysis. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Id. If the right is conferred by a collective bargaining agreement, preemption applies. Id. If the right is conferred by state law, the Court must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective bargaining agreement." Id. (internal quotation marks omitted). If the claim requires the court to "interpret," rather than merely "look to," the collective bargaining agreement, then the claim is substantially dependent thereon and is preempted by § 301. Id. at 1060; see also Detabali v. St. Luke's Hospital, 482 F.3d 1199, 1203 (9th Cir. 2007) (internal quotation marks omitted) ("The plaintiff's claim is the touchstone for this analysis; the need to interpret the collective bargaining agreement must inhere in the nature of the plaintiff's claim.").

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9128 PA (PLAx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Rosemarie Martinez v. Los Angeles World Airports | | |

    The primary focus of the claims remaining in Plaintiff's Complaint is that Defendant discriminated and retaliated against her by terminating her employment because of her disability and request for a family medical leave under the CFRA, and failed to make reasonable accommodation or engage in an interactive process. She asserts claims for violations of the CFRA and the California Fair Employment and Housing Act ("FEHA") based on these actions. Although Defendant asserts that these claims are preempted by § 301 because their resolution requires interpretation of the CBA, the Ninth Circuit has repeatedly held that § 301 does not preempt FEHA discrimination claims even where a CBA contains provisions that may be relevant to such claims. See Jimeno v. Mobil Oil Corp., 66 F.3d 1514, 1522-1528 (9th Cir. 1995); Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748-49 (9th Cir. 1993); Cook v. Lindsay Olive Growers, 911 F.2d 233, 237-38 (9th Cir. 1990); Jackson v. S. Cal. Gas Co., 881 F.2d 638, 643-44 (9th Cir. 1989); Chmiel v. Beverly Wilshire Hotel Co., 873 F.2d 1283, 1286-87 (9th Cir. 1989); Ackerman v. W. Elec. Co., 860 F.2d 1514, 1517-18 (9th Cir. 1988).

    Defendant's cursory references to provisions in the CBA that may be relevant to Plaintiff's claims do not satisfy Defendant's burden when removing an action to establish § 301 preemption. The Notice of Removal's allegations fall well short of establishing that resolution of Plaintiff's state law claims will require interpretation of the CBA by the Court. Plaintiff's FEHA and CFRA claim will require, at most, straightforward reference to the CBA's sections concerning entitlement to CFRA leave and how to calculate the number of hours worked. Although reference to the terms of the CBA may be necessary, legal interpretation of those terms is unlikely to be even a marginal aspect of this case. Cf. Ramirez v. Fox Television Station, 998 F.2d 743, 749 (9th Cir. Cal. 1993) ("The Bargaining Agreement may be crystal clear – that all or no employees need such verification forms – but Fox nonetheless may have ignored the Bargaining Agreement in Ramirez's case or applied it to her in a discriminatory manner. Thus, reference to or consideration of the terms of a collective-bargaining agreement is not the equivalent of interpreting the meaning of the terms."). Moreover, even if the CBA provisions at issue did govern the actions giving rise to Plaintiff's state claims, it is well established that California has articulated standards for Plaintiff's claims that are sufficiently clear to allow evaluation of those claims without considering any overlapping provisions of the CBA. Jimeno, 66 F.3d at 1526-27. Finally, it is also well established that California has shown an intent not to allow the requirements of FEHA to be altered or removed by private contract." Id. at 1527-28; Jackson, 881 F.2d at 644.

    Finally, even if Defendant had satisfied its burden to establish that resolution of Plaintiff's claims would require interpretation of the CBA, Defendant has not established that its receipt, on November 19, 2014, of Plaintiff's Request of Judicial Notice in Opposition to its summary judgment motion was the first time Defendant had received a pleading or paper from which it could be first ascertained that the case was one that had become removable. Specifically, although the Notice of Removal alleges that Defendant received the CBA on November 19, 2014, it does not allege that this was Defendant's first notice that the action was removable. Indeed, Defendant first filed a Notice of

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9128 PA (PLAx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Rosemarie Martinez v. Los Angeles World Airports | | |

Removal on March 20, 2014, alleging that resolution of several of Plaintiff's claims required interpretation of the CBA. The Court therefore concludes that Defendant has failed to establish that this second Notice of Removal was filed within 30 days of Defendant's receipt of a pleading or paper from which removability was first ascertainable. See 28 U.S.C. § 1446(b)(3)

**Conclusion**

      For all of the foregoing reasons, the Court concludes that Defendant has failed to satisfy its burden to establish that § 301 of the LMRA preempts Plaintiff's state-law claims. The Court therefore remands this action to Los Angeles Superior Court, Case No. BC 535979 for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).[2]

      IT IS SO ORDERED.

---

    [2] The Court notes that Defendant's counsel did not identify Case No. CV 14-2114 PA (MRWx) as a related case when it filed its Civil Cover Sheet with the second Notice of Removal. Additionally, Defendant's counsel also stated in the Notice of Related Case filed on November 25, 2014, that they "hereby certifies there is no case previously filed or currently pending in the Central District that is related to the above-entitled action." (Docket No. 4.) By failing to disclose Case No. CV 14-2114 PA (MRWx) as a related case when filing the second Notice of Removal, Defendant's counsel violated Local Rule 83-1 and their duty of candor to the Court. Future such violations will result in the imposition of sanctions.